WILLIAM J. FORD *v.* HOTEL AND RESTAURANT
EMPLOYEES AND BARTENDERS INTERNATIONAL
UNION A.F.L.–C.I.O. LOCAL 159

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued March 3—decided April 1, 1965

*Charles G. Albom,* with whom, on the brief, was
*Joseph M. Delaney,* for the appellant (defendant).

*Joseph P. Patrucco,* with whom was *Leonard J.
Powers,* for the appellee (plaintiff).

COMLEY, J. This is an action to recover damages
for personal injuries suffered by the plaintiff when
he fell into an unguarded stairwell located on the
exterior of the state armory in Meriden. The com-

plaint alleged that the plaintiff, at the time of his fall, was a paying guest of the defendant, which had leased the armory from the state for the purpose, later found as a fact by the court, of holding its annual dance. In the complaint, the plaintiff lists five specifications of negligence on the part of the defendant which may be summarized as follows: (a) failure to give warning of the stairwell; (b) failure to inspect; (c) failure to place guard rails or barriers; (d) failure to provide lighting; (e) failure to prevent the use of a door leading to the stairwell area.

The court found the issues for the plaintiff and rendered judgment in his favor for substantial damages. It then made a finding for the purpose of the defendant's appeal, in which all the facts alleged in the five specifications of negligence were found as subordinate facts. The only conclusion stated by the court in its finding on the issues of negligence and contributory negligence, however, is as follows: "Plaintiff sustained the burden of proving the essential allegations of his complaint and defendant failed to prove the allegations of its special defenses thereto".

This conclusion is meaningless as applied to the subordinate facts and is insufficient to support the judgment for the plaintiff. All it means with reference to the defendant's conduct is that the defendant owed a duty or duties to the plaintiff which were violated in one or more of the five respects set forth in the complaint and that such a violation or violations were a proximate cause of the plaintiff's injuries. It is impossible to tell which violation or violations existed or upon what factual basis it or they rested, and it is impossible for the defendant, on the basis of such a finding, to point out intelligently to us

the error or errors claimed to have been committed. A finding in a case such as this is valueless unless it clearly expresses the conclusion or conclusions which support the judgment rendered.

The trial court should have made clear in its finding, but it did not, the basis and extent of the duty owed by the defendant to this plaintiff and the manner in which the defendant failed in that duty. Without a finding clear in this respect, the judgment lacks support. If a finding such as the one in this case were to be approved, it would be sufficient for the trial court in any case to reach but one conclusion, viz., that the plaintiff had sustained the burden of proving the essential allegations of the complaint.

We have no alternative but to order a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.