FAIRFIELD COUNTY TRUST COMPANY *v.* MARION L. THOMPSON

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, JR.

Argued April 6—decided May 5, 1965

*Everett P. Sherwood,* for the appellant (plaintiff).

*Louis L. Bucciarelli,* for the appellee (defendant).

PER CURIAM. It was pointed out in *Ford* v. *Hotel & Restaurant Employees,* 152 Conn. 533, 535, 209 A.2d 187, that a finding made on appeal in a case tried to the court is defective unless it clearly sets

forth the conclusion or conclusions which support the judgment rendered.

In the present case, the finding contains two sections. The first, as is customary, sets forth the subordinate facts. The second contains the usual provision for the use of exhibits without printing. There is nothing more. Nowhere in the finding is there any statement of "the conclusions drawn by the court from the facts found," as required by Practice Book § 619 and Form No. 603. This procedure violates the fundamental principle of our appellate practice that the subordinate facts found by the trial court shall support the conclusions drawn by it and the conclusions so drawn shall support the judgment. Those conclusions must appear in the finding. We cannot take them from the memorandum of decision. Practice Book § 650; *Munson* v. *Atwood,* 108 Conn. 285, 290, 142 A. 737.

We have examined the original file and have noted that the draft finding submitted to the trial court by the appellant contained no statement of the conclusions reached by the trial court. This draft finding was defective, and the trial court would have been justified in returning it to counsel for revision. Having elected to make a finding, the trial court should have made a proper one despite the deficiencies of the draft finding. *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 280, 141 A.2d 247.

There is error, the judgment is set aside and a new trial is ordered.