THE JOHNSON ELECTRICAL COMPANY *v.* STATE OF CONNECTICUT ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 8—decided February 8, 1973

*John P. Kane,* for the appellant (plaintiff).

*William J. White,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Gerard J. Dowling,* assistant attorney general, for the appellee (state).

*John F. Wynne,* for the appellee (defendant Bell Detroit Diesel, Inc.).

PER CURIAM. This was a contract action in which the plaintiff contractor sought damages in the alternative either from the state for allegedly arbitrarily refusing to accept on a building project a generator as not in compliance with contract specifications or from a subcontractor, Bell Detroit Diesel, Inc., for alleged failure to furnish a generator which complied with the specifications. A decisive issue was the question whether the proposed generator met the requirements of the contract specifications. From a judgment for the defendants the plaintiff has appealed, assigning many errors in the court's finding of facts and conclusions.

An examination of the court's lengthy finding discloses that it is incredibly inconsistent and illogical. Reference to the draft finding and counter findings discloses that the trial court copied verbatim into its finding paragraphs from each without any apparent regard to their obvious inconsistency. It found that the rejected generator did not meet the requirements specified in the contract but also that it "satisfied the purpose, use and terms of the contract." It concluded that the generator was "in accordance with the contract specifications" but also concluded that the generator "did not meet the requirements of the specifications in the contract." It concluded, quoting from the counter finding, that the state's representatives acted "properly and pursuant to the contract" and "correctly, upon good

reasons and in good faith" in disapproving the generator but in the very next paragraph of its finding, quoting from the draft finding, concluded that the state "acted arbitrarily and/or unreasonably in refusing to accept the generator."

No further comment is necessary.

It is the duty of the judge who has tried a case to prepare a proper finding for an appeal. Practice Book §§ 616–619.

The case is remanded to the Court of Common Pleas for Hartford County with direction to deliver the file to the judge who presided at this trial and he is directed to prepare and file a proper finding for appeal.