PATRICIA A. POWERS *v.* JOSEPH T. POWERS

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 13—decision released February 10, 1981

*Thomas J. Londregan,* with whom, on the brief, was *Leo J. McNamara,* for the appellant (defendant).

*Thomas B. Wilson,* for the appellee (plaintiff).

PER CURIAM. The sole issue in this case is whether the trial court abused its discretion in its alimony and support award.

The defendant asserts that the trial court rendered a clearly erroneous decision when it awarded the plaintiff wife unallocated alimony and support in the sum of $500 per week, thereby leaving the defendant the sum of $59 per week for his own living expense.

After finding an irretrievable breakdown, the trial court ordered a dissolution of the parties' marriage, awarded custody of the two minor children to the

plaintiff and ordered the defendant to pay the plaintiff $500 per week as unallocated alimony and support. In making that order, however, the court failed to file a memorandum of decision or state on the record any basis for its order. The failure to do so effectively prevents appellate review of the defendant's claim of an abuse of discretion.

It is the duty of the judge who tried the case to set forth the basis of his decision. *Johnson Electrical Co.* v. *State,* 164 Conn. 346, 348, 321 A.2d 461 (1973). This basis is usually set forth in a memorandum of decision. Practice Book § 3060B. Section 3060D of the Practice Book provides that "[i]f the supreme court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's decision."

The case is remanded with direction to deliver the file to the judge who presided at the trial with direction for an articulation of the basis of his decision.