THELMA F. GOULD *v.* MURIEL STURMAN ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued November 3, 1981—decision released January 5, 1982

*Raphael Korff,* with whom, on the brief, was *Samuel C. Derman,* for the appellants (defendants).

*Louis B. Todisco,* with whom, on the brief, was *Stephen E. Ronai,* for the appellee (plaintiff).

PER CURIAM. The issue presented in this case is whether there existed a valid decree which served to transfer title of the subject property in Newtown from the plaintiff to the defendants' decedent. The record reveals the following background: The plaintiff and Henry Sturman, the defendants' decedent, submitted certain claims to *LaMacchia, J.,* sitting as an arbitrator. As a part of the arbitration settlement, the plaintiff promised to convey the subject property to the defendants' decedent for the sum of $42,500. The arbitrator's findings were subsequently confirmed by the court, *Dube, J.,* in a judgment rendered December 7, 1971, in Docket No. 144820 and the plaintiff was ordered to convey the parcel.

On January 7, 1972, attorneys Robert K. Lesser for the plaintiff and Raphael Korff for Henry Sturman met to close the transaction. A dispute arose, however, regarding an easement in the deed of conveyance and the transaction was not closed. On February 18, 1972, the court, *Testo, J.,* granted Sturman's application for order of conveyance, ordering "that unless the [plaintiff] convey[s] the premises strictly in accordance with the terms of said decree, a decree shall be entered conveying the aforesaid premises to the [defendant], without any act on the part of the [plaintiff], and that upon recording such decree, title shall be conveyed to said [defendant] and said decree shall be as effectual to transfer same to the same extent as a deed executed by the [plaintiff]." On March 28, 1972, the court, *Testo, J.,* vacated the order of February 18. In May of 1972, the parties appeared by counsel before *Levine, J.,* at short calendar to settle the matter raised in Sturman's application for order of conveyance. On May 9, 1972, *Levine, J.,* ordered the

plaintiff to convey the land without the easement in question. No compliance by the plaintiff was evident in the record.

On June 1, 1972, Attorney Korff sent a letter to Attorney Lesser stating his intention to ask the court for a transfer of title. Included with the letter was a copy of a proposed order entitled "Decree." On June 6, 1972, Attorney Korff approached Judge Levine and requested that he sign the decree. No formal motion preceded this request, no hearing was held, and Attorney Lesser was not present at the time the request was made. The decree was dated June 23, 1972, and was signed by the clerk by order of *Levine, J.* No entry was made on the Superior Court judgment book regarding the action taken on this file. The defendant filed a certified copy of the judgment of December 7, 1971, and the decree of June 23, 1972, in the Newtown land records. By letter of August 8, 1972, Attorney Korff informed Attorney Lesser of those filings. It is through the recording of those instruments that the defendants claim title.[1]

The plaintiff subsequently brought the present action below, to quiet title, Docket No. 151203, claiming lack of notice and lack of jurisdiction. The issue presented was whether there existed a valid transfer of title of the property from the plaintiff to the defendants' decedent. By memorandum of decision dated February 22, 1980, the court, *Jacobson, J.,* found the decree to be a nullity and discharged the judgment lien on the property dated December 12, 1972. The trial judge ruled (1) that a judgment

---

[1] After Henry Sturman's death, the Newtown Probate Court issued a certificate of devise to his widow and heirs who were then substituted as defendants in this action.

or decree cannot be entered in the absence of pleadings upon which to found the same, (2) that the court did not have jurisdiction to issue the decree dated June 23, 1972, (3) that the plaintiff did not have notice of any proceedings in connection with the decree, and (4) that, since the record reflects neither a judgment in open court nor a memorandum of law, the clerk was without jurisdiction or authority to sign the decree. The court failed, however, to state the factual basis for its rulings.

Although the record contains certain pleadings, instruments, letters, and notations to document the above-described road from the parties' arbitration to the defendants' claim of title, the basis upon which the trial court relied for its decision is unclear from its judgment. It is the duty of the judge who tried the case to set forth the basis of his decision. *Johnson Electrical Co.* v. *State,* 164 Conn. 346, 348, 321 A.2d 461 (1973). Practice Book § 3060D provides that "[i]f the supreme court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's decision." This inadequacy effectively prevents appellate review of the defendants' claim.

The case is remanded with direction to deliver the file to the judge who presided at the trial in Docket No. 151203 with direction for an articulation of the basis of his decision.