PETER M. HOLMES *v.* ANNE S. HOLMES ET AL.
(11424)

O'CONNELL, LAVERY and HEIMAN, Js.

Argued March 24—decision released August 3, 1993

*Morgan P. Ames,* for the appellant (plaintiff).

*Mark F. Katz,* for the appellees (defendants).

HEIMAN, J. The plaintiff appeals from the judgment rendered in favor of the defendants[1] after a trial to the court. The plaintiff claims that the trial court improperly (1) found that he had failed to satisfy his burden

---

[1] The defendants named in the complaint were Anne S. Holmes, individually and doing business as Holmes Estates and Holmes Estates, Inc. Subsequently, by motion to cite additional parties, Anne S. Holmes, as executrix of the estate of Ralph W. Holmes, was added as a party defendant. The appeal was defended by Anne S. Holmes, individually and in all her representative capacities. Thus, in this opinion we refer to the defendants collectively.

of proving the existence of a joint venture between his father and himself, (2) permitted his former attorney to testify as a witness for the defendants in violation of the attorney-client privilege, and (3) denied his motion to open and set aside its ruling regarding the propriety of the attorney testifying. We affirm the judgment of the trial court.

Each of the issues raised by the plaintiff is grounded on a factual determination made by the trial court. The trial court found, on the basis of the evidence presented, the plaintiff had failed to establish by a fair preponderance of the evidence that he was entitled to a one-half interest in certain property that he claimed was the subject of a joint venture he had entered into with his father. The named defendant, the plaintiff's mother, denied the existence of the joint venture and asserted that she was the sole owner. "[I]n an ordinary civil action the party upon whom rests the burden of proof as to a fact or issue has sustained that burden if the evidence, considered fairly, induces in the trier's mind a reasonable belief that it is more probable than otherwise that the fact or issue is true." *Hennessey* v. *Hennessey*, 145 Conn. 211, 214, 140 A.2d 473 (1958); *Cruz* v. *Drezek*, 175 Conn. 230, 235–36, 397 A.2d 1335 (1978). The trial court was not convinced to that degree of certainty by the evidence presented by the plaintiff.

The trial court, by permitting the attorney to testify in the face of an objection that the witness had at some time acted as an attorney for the plaintiff, was required to make a factual determination as to whether the witness had ever acted as attorney for the plaintiff. It found that, whatever relationship may have existed between the witness and the plaintiff, the relationship was not that of attorney and client.

The court also denied the plaintiff's motion to open and to set aside its prior ruling. In that motion, the trial

court was asked to review a factual determination previously made. In support of his motion, the plaintiff filed affidavits setting forth factual claims contrary to the factual finding made by the trial court.

Through his claims on appeal, the plaintiff challenges the trial court's factual determinations. "We review factual findings of the trial court under a clearly erroneous standard. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We examine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Solomon* v. *Hall-Brooke Foundation, Inc.,* 30 Conn. App. 129, 132, 619 A.2d 863 (1993). The duty of providing us with a record adequate to review claims, including those of a factual nature, rests squarely on the appellant. Practice Book § 4061;[2] *State* v. *Hoeplinger,* 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). We afford review only to claims based on the complete factual record developed by the trial court. We do not guess or speculate as to the existence of a factual predicate. *State* v. *Hoeplinger,* supra.

The plaintiff did not fulfill his duty to provide us with an adequate record to review. The trial court rendered an oral decision upon completion of the arguments by counsel on the last day of the trial. It did not file a written memorandum of decision, did not cause its oral decision to be transcribed and sign it, nor did it set out in its decision its basis other than to state that the issues were factual in nature and that it found that the plain-

---

[2] Practice Book § 4061 provides in pertinent part: "It is the responsibility of the appellant to provide an adequate record for review."

tiff failed to establish the existence of a joint venture.[3] There was thus a total failure to comply with Practice Book § 4059.

The plaintiff filed a motion for articulation pursuant to Practice Book § 4051, asking the trial court to set forth the basis and reasoning for its determination that he had failed to sustain his burden of proof in attempting to establish the claimed joint venture and the basis on which it had denied his motion to open and set aside the ruling. The trial court responded to the first inquiry by stating that it did not find the plaintiff's testimony credible as to the existence of a joint venture and it then denied the request to articulate further the basis on which it denied the motion to open and set aside.[4] The trial court thus responded to the request for articulation by stating simply that it did not believe the plaintiff's testimony. This conclusion is meaningless as to the factual issues that needed to be resolved to enable us to make a determination as to the sufficiency of the evidence supporting the plaintiff's claim.[5] See

[3] Practice Book § 4059 provides in pertinent part: "Except in small claims actions and as provided in Sec. 4060, when rendering judgments in trials to the court and in criminal cases, in ruling upon motions to dismiss under Sec. 814 and motions to suppress under Sec. 820, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. The court shall include in its decision its conclusion as to each claim of law raised by the parties. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. . . ."

[4] The articulation filed by the trial court provides in pertinent part: "1. The basis and reasons for the court's determining on December 31, 1991, that 'the plaintiff has failed to establish by a fair preponderance of the evidence that there was in fact a joint venture going on between the plaintiff and his late father.' . . . [T]he Court found the plaintiff's testimony was not credible and did not believe his testimony concerning the alleged joint venture. . . ."

[5] In its oral decision at the conclusion of all the evidence, the trial court stated in part: "I've had an opportunity to hear all the witnesses. I've paid

*Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 152 Conn. 533, 534–35, 209 A.2d 187 (1965). A comparison of the trial court's original decision and its articulation reveals that the articulation was simply a restatement of the original decision.

Faced with an articulation that did not clarify facts but merely restated the trial court's conclusion, the plaintiff did nothing to perfect the record. He could have filed a motion for further articulation pursuant to Practice Book § 4051, or he could have sought review by this court of the adequacy of the trial court's response pursuant to Practice Book § 4054. See *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 51, 492 A.2d 223 (1985). He elected to do neither.[6] The plaintiff also had a clear avenue open to him to provide an adequate record by filing a motion to compel compliance with Practice Book § 4059. The trial court did not file a written memorandum of decision, nor did it order a transcript of the decision, sign it and file it in the trial court within ten days of the appeal. Practice Book § 4059.[7] Upon proper application, this court

attention to them. I've had an opportunity to evaluate them and to assess their credibility, their interest in the outcome of the case."

[6] Under our rules of practice, we cannot condone what the dissent refers to as "strong, yet imperfect, efforts of counsel." Our rules provide a vehicle for a party to create an adequate record for appeal. In the absence of the plaintiff's compliance with our rules, our role is not to throw a life preserver based upon merciful hope. We are a court of appeals, not of refuge.

[7] The historical significance of Practice Book § 4059 has been set out in detail in the concurring opinion in *State* v. *Rios,* 30 Conn. App. 712, 622 A.2d 618 (1993) (*O'Connell, J.,* concurring). It eliminated a time consuming and unsatisfactory system of draft findings and counter findings submitted by the parties to the trial court which was then obligated to make findings of fact. Id., 716–17. Further, it effectively guaranteed that with few exceptions, not here pertinent, the trial court is obligated to prepare an oral or written memorandum of decision; Practice Book § 4059; thereby creating a system for providing this court with the factual and legal basis for the trial court's decision. Id., 718. Thus, if the trial court complies with the rule of practice or if counsel files appropriate motions to rectify the record, this court is supplied with the necessary tools to make an intelli-

has the power, pursuant to Practice Book § 4183,[8] to compel the trial court to comply with the mandate of this provision. *State* v. *Rios,* 30 Conn. App. 712, 718–19, 622 A.2d 618 (1993), (*O'Connell, J.,* concurring).

" ' "[U]nder normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied." ' *J. M. Lynne Co.* v. *Geraghty,* 204 Conn. 361, 376–77, 528 A.2d 786 (1987) . . . ." (Citation omitted.) *Augeri* v. *Planning & Zoning Commission,* 24 Conn. App. 172, 178, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1383 (1991). The plaintiff failed to follow the relatively simple rules established to guarantee the presentation to this court of a record appropriate for review. "As an appellate tribunal, either we adhere to the letter of the rules or create judicial anarchy, whereby, on an ad hoc basis, we decide cases, the outcome of which will turn on the mindset of the panel hearing the appeal." *State* v. *Deptula,* 31 Conn. App. 140, 152, 623 A.2d 525 (1993) (*Heiman, J.,* dissenting). Accordingly, we decline to afford review of the plaintiff's claim that the trial court improperly concluded that no joint venture existed.

The same result is mandated with respect to the claim that the trial court improperly denied the plaintiff's motion to open and reconsider its prior ruling regarding the testimony of the attorney. The trial court denied the motion for articulation of the factual basis of the

gent evaluation of the appellant's claims. When the rules are not followed, we are left to surmise and speculate. "Without a written memorandum of decision or an oral recitation on the record of the court's findings, we cannot determine if the court's conclusions were reasonable." Id., 719–20.

[8] Practice Book § 4183 provides in pertinent part: "The court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ."

denial of the motion. The plaintiff again failed to employ either Practice Book §§ 4051 or 4054. We decline to afford review to issues the factual predicates of which are lacking because of the failure of the plaintiff to follow our rules. *J. M. Lynne Co.* v. *Geraghty,* supra.

We are also faced with the same deficiency in the record concerning the claim of the trial court's impropriety in permitting testimony by an attorney that the plaintiff claims violated the attorney-client privilege. We have already noted that the trial court found that whatever relationship may have existed between the attorney and the plaintiff, it was not that of attorney and client. We are not provided with a factual basis for that conclusion. The plaintiff sought no articulation from the trial court in order to provide us with a record adequate to afford a proper review of this fact bound issue. We decline to afford review of a claim where the record is inadequate and the plaintiff failed to take the proper steps to create an adequate record. Id.; *Manchester* v. *Zoning Board of Appeals,* 18 Conn. App. 69, 70 n.1, 556 A.2d 1026, cert. denied, 212 Conn. 804, 561 A.2d 946 (1989).

Because the plaintiff has failed in his duty under our rules of practice to provide us with an adequate record for review, his claims must fail. *Oakes* v. *New England Dairies, Inc.,* 219 Conn. 1, 16, 591 A.2d 1261 (1991); *Centerbank* v. *Gross,* 31 Conn. App. 38, 40, 622 A.2d 1066 (1993); see also Practice Book § 4061.

The judgment is affirmed.

In this opinion O'CONNELL, J., concurred.

LAVERY, J., dissenting. We should in our jurisprudence, as much as possible, elevate substance over form. In this case, we have an opportunity, with two important substantive questions to be answered, to choose between two rules, one that allows us to remand

the case for articulation and one that, under case law interpretation, would have us not review and affirm for lack of record. I would choose to remand for articulation so that we may decide the important substantive questions. Therefore, I respectfully dissent.

The following facts set forth in the pleadings are undisputed. The plaintiff, Peter Holmes, is the son of the defendant, Anne Holmes, the widow of the late Ralph Holmes. On August 25, 1958, Ralph Holmes formed a corporation named Holmes Estates, Inc. At the same time, Ralph Holmes acquired three apartment buildings in Norwalk and Stamford. Holmes Estates, Inc., was dissolved by the state in March, 1985, by forfeiture. After Holmes Estates, Inc., was dissolved, the plaintiff and his father agreed to rehabilitate the three apartment buildings and convert them into condominiums. The nature of the oral agreement between father and son regarding the conversion of the apartment buildings was the central issue at trial.

Ralph Holmes died on July 18, 1989. The defendant was named executrix of Ralph Holmes' estate. After his father died, the defendant claimed that the plaintiff had no interest in the condominium properties. The plaintiff brought an action in equity to establish his interest in the properties. At trial, the plaintiff sought to establish that he and his father had entered into an oral agreement establishing a joint venture when they converted the properties. He claimed that he is entitled to a one-half interest in the properties. The defendant denied the existence of the joint venture, and argued that, as owner of the ten shares of the now dissolved corporation, she is the owner of the properties in question.

The following procedural history is revealed by a review of the record and trial transcript. Near the conclusion of a two day trial, the defendant called as a wit-

ness attorney Ernest L. Josem. Josem testified that he had been an attorney practicing in Norwalk since 1936. He said he practiced law in partnership with his brother Milton, who died in 1990. The partnership ended two or three years before Milton died, but the brothers continued to share office space and the partnership name of Josem and Josem. Josem testified that Josem and Josem had represented Ralph Holmes and Holmes Estates, Inc., until two to three years before Milton's death, and after that Milton Josem represented the business. After Ralph Holmes died, and before Milton Josem died, the plaintiff dealt with Milton. Josem added that after Milton Josem died, the plaintiff continued coming to the law office. Josem testified that when the plaintiff visited the office, he and the plaintiff would talk "casually," and noted that he wrote at least one letter, and possibly more, on the plaintiff's behalf. The plaintiff's counsel objected to Josem's answer, claiming that it implicated privileged attorney-client matters. The plaintiff's counsel also noted that in deposition testimony on September 12, 1991, Josem had "admitted" that the plaintiff was a client.[1] The plaintiff's counsel then requested the opportunity to voir dire Josem regarding the issue of attorney-client privilege; the trial court denied the request.

Counsel for the defendant continued his direct examination of Josem. Josem testified that the plaintiff had asked him to write a letter on his behalf, "making certain claims that he thought he was entitled to in reference to the condominiums owned by Holmes Estates." Counsel for the defendant asked, "And what were those claims?" The plaintiff's counsel objected again, was overruled, and took exception. Josem read the letter

[1] The plaintiff's counsel read into the trial record a portion of Josem's deposition testimony in which Josem said that after Milton Josem and Ralph Holmes died, the plaintiff came to his law offices "very basically . . . as a client."

he had written to refresh his memory. He testified that Peter was not making any claims against the defendant, and that, at the time of the letter, Peter did not have any claims.

Counsel for the defendant asked Josem if the plaintiff had ever represented to him that the plaintiff was a joint venturer with his father. The plaintiff's counsel again objected on the ground of attorney-client privilege. The trial court overruled the objection, and granted the plaintiff an exception and a blanket objection to all of Josem's testimony on the ground of the attorney-client privilege. Josem then answered that the plaintiff had never represented to him that the plaintiff was a joint venturer with his father, Ralph Holmes.

During the plaintiff's cross-examination of Josem, the plaintiff's counsel moved to strike all of Josem's testimony as violative of the attorney-client privilege. The motion was denied.

Later in the day, the plaintiff called his wife, Patti, to the witness stand. Patti testified that she and the plaintiff had gone to Josem's office to consult with him as a lawyer about the problems they were having with the defendant and the business. She further testified that Josem provided her and the plaintiff with legal advice.

At the close of evidence, the trial court ruled from the bench that the plaintiff had failed to establish a joint venture, and found for the defendant on the issues that had been reserved for him to find. A memorandum of decision was never issued. On January 10, 1992, the plaintiff moved to open and set aside the judgment. The motion was based on the plaintiff's claim that Josem's testimony violated the attorney-client privilege. The motion was denied.

On June 23, 1992, the plaintiff filed a motion for articulation, requesting that the trial court state the basis and reasons for its December 31, 1991 judgment and for its denial of the plaintiff's January 10, 1992 motion to open and set aside the judgment. In its July 24 articulation, the trial court stated that it had concluded that the plaintiff failed to establish by a fair preponderance of the evidence that there was in fact a joint venture between the plaintiff and his father because "the court found the plaintiff's testimony was not credible and did not believe his testimony concerning the alleged joint venture." The trial court also denied the plaintiff's motion for articulation as to the plaintiff's January 10, 1992 motion to open and set aside the ruling.

The plaintiff claims that the trial court improperly ruled that a joint venture between the plaintiff and Ralph Holmes was never formed, and that the trial court improperly allowed Josem to testify on behalf of the defendants. I agree with the majority that the record as it stands is inadequate to afford review of these claims. I would, however, rather than affirm the judgment of the trial court due to the inadequate record, remand the case to the trial court for further articulation.

As we have recently reiterated, "[i]t is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061; *Walton* v. *New Hartford,* 223 Conn. 155, 165–66, 612 A.2d 1153 (1992). Indeed, several rules of practice aim to facilitate the process by which an appealing party ensures the adequacy of record. See Practice Book § 4051 (Rectification of Appeal, Articulation), § 4053 (Motion for Review—In General), § 4054 (Motion for Review—Review of Motion for Rectification of Appeal or Articulation). These rules foster the basic policy that an appellate tribunal cannot render a decision without first

fully understanding the disposition being appealed. *State* v. *Hoeplinger,* 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). It is not the function of this court to find facts. *State* v. *Reagan,* 209 Conn. 1, 8, 546 A.2d 839 (1988)." *State* v. *Rios,* 30 Conn. App. 712, 715–16, 622 A.2d 618 (1993).

Our decision in *State* v. *Rios,* supra, focused on Practice Book § 4059,[2] which requires that in all trials to the court, the trial court shall render an oral or written decision addressing the legal and factual bases for its decision. The section provides that if the decision is oral, it shall be recorded by a court reporter, and, if there is an appeal, the trial judge shall order the transcript transcribed and shall sign the transcript and file it with the trial court. The purpose of this section is to ensure that an appellate tribunal is succinctly appraised of the trial court's rationale. See id., 716–20, *O'Connell, J.,* concurring.

Section 4059 is directed to the trial court. We noted in *State* v. *Rios,* supra, 715, however, that "in most instances, notwithstanding the provisions of Practice Book § 4012 that provide for notice of appeal, the trial court is usually not aware of the appeal until well after the ten day period [for filing the memorandum or transcript after the appeal has been taken] has passed."

[2] Practice Book § 4059 provides: "Except in small claims actions as provided in Sec. 4060, when rendering judgments in trials to the court and in criminal cases, in ruling upon motions to dismiss under Sec. 814 and motions to suppress under Sec. 820, the court shall, either orally or in writing, state its decision on the issues in the case, and, if there are factual issues, the factual basis of its decision. The court shall include in its decision its conclusion as to each claim of law raised by the parties. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. If written, the decision shall be stated in a memorandum of decision, which shall be filed with the clerk."

Therefore, we concluded, the court's compliance with § 4059 is related to the appellant's responsibility to provide an adequate record for review.[3] Id.

In this case, we have not been presented with an adequate record to review the trial court's reasoning. The trial court did not issue a written memorandum of decision. Although the appellant has filed with this court a transcript of the trial court proceedings, a signed portion of the transcript setting out the trial court's legal and factual bases for its decision is not part of the record. We are not bound to examine the transcript in detail to determine whether the trial court's ruling was sufficiently supported by facts. Such an examination would be an encroachment on the responsibilities of the trial court.

In its articulation, the trial court stated that it found for the defendants because it did not believe the plaintiff's testimony. The trial court also denied the plaintiff's motion for an articulation of the trial court's reasons for denying its motion to open the judgment. The trial court's articulation does not fulfil the requirement of Practice Book § 4059 that the trial court furnish a written or oral decision including the "factual basis of its decision." As the majority notes, the articulation was a conclusion that "is meaningless as to the factual issues that needed to be resolved to enable us to make a determination as to the sufficiency of the evidence supporting the plaintiff's claim. See *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 152 Conn. 533, 534–35, 209 A.2d 187 (1965). A comparison of the trial court's original decision and its articulation reveals that the articulation was simply a

[3] We note, however, that Practice Book § 4059 contemplates compliance by the trial court in all instances governed by the section, whether an appeal is pending or not. Such compliance, when appeals arise, expedites the appellate process.

restatement of the original decision." Also, the trial court's denial of the plaintiff's motion to articulate its reason for denying the plaintiff's motion to open does not shed any light on why the trial court chose to overrule the plaintiff's objections regarding Josem's testimony and the attorney-client privilege.

The plaintiff's claim that Josem's testimony violated the attorney-client privilege raises an extremely important issue. Rule 1.6 of the Connecticut Rules of Professional Conduct provides: "A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation . . . ." The comment to this rule states that confidentiality is a fundamental principle as it encourages the client to communicate fully and candidly. " 'The basic principles of the attorney-client privilege are undisputed. Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice. *Doyle* v. *Reeves*, 112 Conn. 521, 523, 152 A. 882 (1931); Tait & LaPlante, Handbook of Connecticut Evidence (1976) § 12.5.' " *State* v. *Gordon*, 197 Conn. 413, 423, 504 A.2d 1020 (1985). The attorney-client privilege seeks to protect "a relationship that is a mainstay of our system of justice." *Clute* v. *Davenport Co.*, 118 F.R.D. 312, 314 (D. Conn. 1988). Where there is an actual conflict of interest, prejudice is presumed because counsel has breached the duty of loyalty, perhaps the most basic of counsel's duties. *Phillips* v. *Warden*, 220 Conn. 112, 136, 595 A.2d 1356 (1991).

Evidence was presented at trial suggesting that Josem served as the plaintiff's lawyer. The plaintiff's counsel read into the trial record Josem's deposition testimony, which stated that the plaintiff came to Josem's office "Very basically . . . as a client." The plaintiff also submitted, along with his motion to open the judgment, a number of affidavits and documents purporting to show that the plaintiff was Josem's cli-

ent. These documents include a letter addressed to the defendants' counsel, and signed by Josem, regarding the sale of certain condominiums and referring to "the agreement" between the plaintiff and his father. Absent the trial court's reasons for denying the plaintiff's motion to open, however, we have no knowledge of the weight the trial court attached to the documents and evidence, or how the trial court applied the law to the facts at hand. In consideration of the importance of the privilege to the operation of our justice system, however, the record must be rectified to allow for proper appellate review.

"[We] will not overturn findings of fact made by a trial court reasonably supported by the evidence or based on inferences reasonably drawn from the evidence. See *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985); *Solomon* v. *Aberman,* [196 Conn. 359, 378, 493 A.2d 193 (1985)]. If, however, the factual or legal basis of a trial court's decision is unclear, ambiguous, incomplete, or the court has failed to state any basis for its decision, this court has the power to remand the case for further articulation of the basis of the trial court's decision pursuant to Practice Book § 4061.[4] *State* v. *Wilson,* 199 Conn. 417, 434–35, 513 A.2d 620 (1986); *State* v. *Lafferty,* 191 Conn. 73, 463 A.2d 238 (1983); *Kaplan* v. *Kaplan,* 185 Conn. 42, 46, 440 A.2d 252 (1981); *Scherr* v. *Scherr,* 183 Conn. 366, 368–69, 439 A.2d 845 (1981); *Powers* v. *Powers,* 183 Conn. 124, 125, 438 A.2d 845 (1981)." *Rostain* v. *Rostain,* 213 Conn. 686, 694, 569 A.2d 1126 (1990); see also *State* v. *Pollitt,* 199 Conn. 399, 415–16, 508 A.2d 1 (1986); *Grunschlag* v. *Ethel Walker School,* 189 Conn. 316, 320–21, 455 A.2d 1332 (1983); *Gould* v. *Sturman,* 186

[4] Practice Book § 4061 provides in part: "If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision."

Conn. 13, 16, 438 A.2d 1181 (1982); *State* v. *Ostroski,* 184 Conn. 455, 460–61, 440 A.2d 166 (1981); *State* v. *Whitney,* 37 Conn. Sup. 864, 867, 440 A.2d 987 (1981). This court and the Supreme Court have been unwilling sua sponte to order articulation if the appellant, unlike the appellant here, fails to move for articulation under Practice Book § 4051. See *Southington* v. *State Board of Labor Relations,* 210 Conn. 549, 563–64, 556 A.2d 166 (1989); *Ram Roofing & Sheet Metal Co.* v. *A.B.C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 57, 475 A.2d 341 (1984). We have also declined to order further articulation when the appellant moved for articulation in the trial court, but did not "specifically request clarification of the issue in question." *Buchetto* v. *Haggquist,* 17 Conn. App. 544, 548, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989). In the present case, the plaintiff properly moved for articulation.

This court may also order the trial court to take the steps necessary to complete, correct or perfect the record by exercising its general supervisory powers pursuant to Practice Book § 4183.[5] "There can, of course, be no question but that the supervision of a case on appeal to this court is in the [Appellate] Court." *State* v. *Pollitt,* supra, 415; *State* v. *Gonzales,* 186 Conn. 426,

[5] Practice Book § 4183 provides in pertinent part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete, correct or otherwise perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. The court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . (10) remand any pending matter to the trial court for the resolution of factual issues where necessary. . . ."

436, 441 A.2d 852 (1982); *State* v. *Ostroski,* supra, 460; *State* v. *McCarthy,* 167 Conn. 472, 477, 356 A.2d 165 (1975).

Under the rationale adopted by the majority, this court has no choice in circumstances such as those presented by this case but to affirm for lack of record. Practice Book § 4061, and the cases applying that rule, however, offer when appropriate, an alternative. The majority warns that " 'either we adhere to the letter of the rules or create judicial anarchy, whereby, on an ad hoc basis, we decide cases, the outcome of which will turn on the mindset of the panel hearing the appeal.' " I do not believe that we are faced here with a choice between adherence to the rules or judicial anarchy, but rather with a choice between utilizing a rule to allow us to decide the substantive issues in this case, or applying a different rule, which based on case law interpretation, would result in our affirming for lack of record. "The circumstances are indeed diverse where an articulation may be necessary or useful for meaningful appellate review." *State* v. *Wilson,* supra, 435. A case by case analysis, resulting from these diverse circumstances, is not necessarily akin to judicial anarchy.

Practice Book § 4059 is directed to the trial court. "It is the duty of the judge who tried the case to set forth the basis of his decision." *Powers* v. *Powers,* supra 125; *Johnson Electrical Co.* v. *State,* 164 Conn. 346, 348, 321 A.2d 461 (1973). Had the trial court complied with § 4059 initially, we would not be issuing opinions about our rules of practice, but rather about the substantive issues raised by the plaintiff. The plaintiff during trial made every effort to preserve the issues for appeal. He moved to open and set aside the judgment, and he strenuously objected to the testimony of Josem. He moved for articulation, and the trial court responded with a statement regarding credibility. The plaintiff

could have moved for a motion for review of the articulation, or requested this court to order compliance with § 4059. In failing to do so, he did not employ every procedural device at his disposal. The plaintiff's difficulties in creating a record, however, stemmed from the trial court's failure to comply with § 4059. To affirm for lack of record when the faulty record stems from the trial court's failure to comply with § 4059, despite a motion for articulation, would deprive the plaintiff of an appeal despite the significance of the issues involved and despite the strong, yet imperfect, efforts of counsel.

Accordingly, I would remand the case to the trial court for articulation addressing the two following questions. (1) What was the legal and factual basis for the trial court's determination that there was no joint venture agreement between the plaintiff and his deceased father, Ralph Holmes? (2) What was the legal and factual basis for the trial court's denial of the plaintiff's motion to open the judgment dated January 10, 1992? In answering the second question, the trial court should state the factual basis for its conclusion that Josem's testimony did not violate the attorney-client privilege as to the plaintiff.

I reiterate that I would remand based on the circumstances of this case. First, the plaintiff's counsel diligently preserved the issues for appeal. Second, counsel made a good faith effort to obtain the factual basis of the trial court's decision and ruling. That effort included the filing of a motion to open and set aside, and a motion for articulation. Third, the issue of attorney-client privilege is fundamental to our system of justice and must be addressed. As we noted above, although Practice Book § 4059 is directed to the trial court, the appellant must bear the ultimate burden of establishing a record for review. Where, however, as here, strict interpretation of § 4059 would result in our denying

review despite the efforts of counsel to establish a record and despite the presence of a vital issue to our justice system, we would indeed "exalt form over substance." *State* v. *Rios,* supra, 714.

I respectfully dissent.