## STATE OF CONNECTICUT *v.* RONALD BENTON
## (AC 15434)

Foti, Landau and Schaller, Js.

Argued September 19—officially released November 4, 1997

*Arnold Amore II,* special public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Carl E. Taylor,* assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of four counts of sale of cocaine by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b)[1], and

---

[1] General Statutes § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

one count of conspiracy to sell cocaine by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 (a)[2] and 21a-278 (b).[3] On appeal, the defendant claims that the trial court violated his state and federal constitutional rights to a fair trial and due process of law by denying his motion to bifurcate the trial, thereby not allowing a separate hearing on the issue of drug dependency.[4] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. During the months of June and July, 1993, Nicholas Spratto, a Southington police officer assigned to the statewide narcotics task force, was working in an undercover capacity. On June 9, 1993, he contacted Donald Redman, an individual known to the defendant for twenty-six years. Redman had been obtaining cocaine from the defendant since early that year. Redman met Spratto in Rockwell Park in Bristol where he was given $500 for the purpose of buying cocaine for Spratto. Redman met the defendant and gave him $400 in exchange for cocaine; Redman kept $100 for

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[3] The defendant was charged by an eleven count substitute information; he was found not guilty of six counts, including two counts of sale of cocaine by a person who is not drug-dependent and four counts of sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b). The jury also considered and acquitted the defendant of two counts of sale of cocaine, General Statutes § 21a-277 (a), as lesser included offenses of § 21a-278 (b).

[4] The defendant cites article first, §§ 8 and 9, of the Connecticut constitution, and the fifth, sixth and fourteenth amendments to the United States constitution. The defendant has failed to file as part of his brief a separate and independent analysis of his claimed state constitutional violations. We therefore decline to consider these claims. *State* v. *Munoz*, 233 Conn. 106, 131 n.16, 659 A.2d 683 (1995). The defendant has also failed to provide an adequate analysis of his claimed federal constitutional violations as to the fifth and sixth amendments to the United States constitution.

himself. Redman then returned to Spratto and gave him the cocaine, which was in the form of chunky white powder contained in a soap box.

On June 23, 1993, Spratto met Redman at the same location and gave him $500, which had been placed in a cigarette pack, for the purchase of cocaine. Again, Redman met the defendant and gave him $350 in exchange for cocaine, which Redman then turned over to Spratto. He kept $150.

On July 9, 1993, Spratto and Redman met on a Bristol street and drove to another area in Bristol where Redman was given $450 for the purchase of cocaine. Redman left the car and walked to a convenience store where he met the defendant. He gave the defendant $300 in exchange for cocaine and kept $150. He then returned to the car and gave Spratto the cocaine.

On July 23, 1993, Spratto gave Redman $1700. Redman went to the defendant's home, gave him $1550 and set up a second meeting place for the exchange of the cocaine. Redman then met the defendant in Page Park, they drove off in the defendant's car, and Redman was given the drugs. Subsequently, Redman delivered the cocaine to Spratto. The defendant was later arrested on a warrant and charged with various drug offenses.

On September 19, 1994, the defendant filed a motion to bifurcate the proceedings to allow separate jury consideration of the issue of drug dependency. On September 20, 1994, defense counsel requested that adjudication of his motion be delayed until the state had presented its case-in-chief. The trial court agreed, and on September 23, 1994, following the close of the state's case, the defendant renewed his motion. The trial court denied the motion, stating only: "That has been rejected by our Supreme Court."

The defendant argues that the issue of drug dependency is prejudicial and is not appropriately heard at

trial because it requires that he either not present evidence of drug dependency, which subjects him to a five year minimum sentence if he is convicted for the sale, or present evidence of drug dependency, which is prejudicial as constituting prior bad acts. While the defendant argues that drug dependency should be considered only as a sentencing factor, he did concede during oral argument that a state legislature is empowered to determine what is a sentencing factor and what is an element of a crime. The defendant appears, therefore, to agree that a state legislature has the discretion to allow a mitigating factor, such as drug dependency, to constitute an exemption from liability similar to an affirmative defense, rather than a sentencing factor that requires a separate proceeding.

As a preliminary matter, we note that the record is inadequate for us to determine the exact reasons for the trial court's denial of the defendant's motion to bifurcate.[5] Because the defendant alleges, however, that he was entitled to separate proceedings as a matter of law, and that the denial of his motion to bifurcate violated his federal due process rights under the fourteenth amendment to the United States constitution, we will consider his claim.

The defendant can point to no authority for the proposition that bifurcation is required by the federal due process clause. On the contrary, our Supreme Court has recognized that it is not. See *State* v. *Jones*, 234

---

[5] The defendant, as appellant, has the responsibility to provide this court with an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven*, 189 Conn. 671, 681, 458 A.2d 362 (1983); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993). We cannot render a decision without first having specific findings of fact to determine the basis of the court's ruling. *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). Nevertheless, because the defendant challenges the constitutionality of the trial court's decision and argues that he was entitled to a bifurcated trial as a matter of law, we need not rely on any findings of fact to render a decision.

Conn. 324, 345–47, 662 A.2d 1199 (1995); see also id., 371 *(Borden, J.,* concurring in part). Furthermore, we have previously considered and rejected a due process challenge to the unitary adjudication of the issues of the sale of narcotics and drug dependency. See *State* v. *Jenkins,* 41 Conn. App. 604, 615–21, 679 A.2d 3 (1996). The defendant asks that we reconsider *Jenkins* or determine this matter to be distinguishable.[6] We decline to do so.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The defendant suggests that we did not have before us the issue of character and bad acts in *Jenkins* and therefore we should treat this matter as an exception. We do not agree that the character and bad acts claim was not raised in *Jenkins.*

[7] Because we examined the statutory scheme and fully analyzed the claim in *Jenkins,* we find it unnecessary to do so herein.