STATE OF CONNECTICUT *v.* ALEXANDER LAFFERTY
(10916)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued December 7, 1982—decision released March 1, 1983

*Carl Schuman,* assistant state's attorney, with whom were *Herbert G. Appleton,* assistant state's attorney, and, on the brief, *John M. Bailey,* state's attorney, for the appellant (state).

*Albert G. Murphy,* for the appellee (defendant).

PER CURIAM. The defendant was charged by information with two counts of larceny in the first degree for allegedly embezzling approximately $309,000 from his employer. At trial, the defendant presented evidence that at the time of the commission of the crimes with which he was charged he was unable to conform his conduct to the requirements of the law as the result of a mental defect known as pathological or compulsive gambling. On the basis of the psychiatric testimony presented, the trial court found the defendant not guilty by reason of insanity pursuant to General Statutes § 53a-13.[1] Thereafter, the defendant was ordered committed to a state mental hospital under General Statutes § 53a-47(a) (1)[2] to determine whether "his release

---

[1] General Statutes § 53a-13 then provided, in relevant part: "In any prosecution for an offense, it shall be a defense that the defendant, at the time of the proscribed conduct, as a result of mental disease or defect lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. . . ."

[2] "[General Statutes] Sec. 53a-47 ACQUITTAL ON GROUNDS OF MENTAL DISEASE OR DEFECT. CONFINEMENT AND EXAMINATION. RELEASE. (a) . . . (1) When any person charged with an offense is acquitted on the grounds of mental disease or defect, the court shall order such person to be temporarily confined in any of the state hospitals for mental illness for a reasonable time, not to exceed ninety days, for an examination to determine his mental condition, except that, if the court can determine, on the basis of the evidence already before it, that such person is not mentally ill to the extent that his release would constitute a danger to himself or others, the court may order his immediate release, either unconditionally or conditionally pursuant to subdivision (2) of subsection (e). (2) The person to be examined shall be informed that, in addition to the examination

[from custody] would constitute a danger to himself or others." General Statutes § 53a-47(a) (3). At a subsequent hearing under § 53a-47(a) (4), the trial court heard the testimony of Hans Langhammer, a staff psychiatrist at Norwich State Hospital called by the state, and Marvin Steinberg, a psychologist called by the defendant. At the conclusion of the hearing, the trial court in an oral decision found that the defendant did not constitute a danger to himself or others, and it ordered his release.

The state, after obtaining the permission of the trial court pursuant to § 54-96 of the General Statutes, appealed to this court claiming that the trial court erred by interpreting the phrase "a danger to himself or others" in § 53a-47(a) (4) to mean only a physical danger, and not a danger to property. The state argues that the trial court found the defendant to be a danger to property and that such a danger is included within the meaning of "a danger to himself and others" in the statute. The defendant responds that the court found only that the defendant was "possibly" a danger to property, but that even if he were so, he was nonetheless prop-

provided for in subdivision (1), he has a right to be examined during such confinement by a psychiatrist of his own choice. (3) Within sixty days of the confinement pursuant to subdivision (1), the superintendent of such hospital and the retained psychiatrist, if any, shall file reports with the court setting forth their findings and conclusions as to whether such person is mentally ill to the extent that his release would constitute a danger to himself or others. Copies of such reports shall be delivered to the state's attorney or prosecutor and to counsel for such person. (4) Upon receipt of such reports, the court shall promptly schedule a hearing. If the court determines that the preponderance of the evidence at the hearing establishes that such person is mentally ill to the extent that his release would constitute a danger to himself or others, the court shall confine such person in a suitable hospital or other treatment facility. . . ."

erly released because the statute is limited to physical danger.

In its oral decision, the court stated: "[A]s this court understands the testimony, I believe Dr. Langhammer was very precise in this, he indicated that there was no danger as far as physical harm was concerned. There was a danger as far as property was concerned *possibly* by the defendant's action in this matter." (Emphasis added.) It is unclear whether the trial court was merely recapitulating the psychiatrist's testimony or whether it was making a finding of fact. Also, the use of the word "possibly" regarding danger to property adds to the ambiguity of the court's oral decision. Whether the defendant was a danger to property is a question of fact which must be determined before we may properly review the claims made in this appeal. It is the function of the trial court, not this court, to find facts. It is therefore necessary for us to remand this case for a further articulation of the trial court's decision on whether the defendant was a danger to property. "The supervision of a case on appeal is in the Supreme Court. Practice Book § 3096; *State* v. *McCarthy,* 167 Conn. 472, 477, 356 A.2d 165 (1975). Where 'necessary to the proper disposition of the cause,' this court may 'remand the case for a further articulation of the trial court's decision.' Practice Book § 3060D . . . ." *State* v. *Ostroski,* 184 Conn. 455, 460, 440 A.2d 166 (1981), cert. denied, 459 U.S. 878, 103 S. Ct. 173, 74 L. Ed. 2d 142 (1982); *Kaplan* v. *Kaplan,* 185 Conn. 42, 46, 440 A.2d 252 (1981).

The case is remanded to the trial court with direction to file a memorandum of decision articulating the basis upon which it found the defendant not to be a danger to himself or others.