## STATE OF CONNECTICUT *v.* ALEXANDER LAFFERTY
### (10916)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued June 1—decision released August 9, 1983

*Carl Schuman,* assistant state's attorney, with whom were *Herbert G. Appleton,* assistant state's attorney, and, on the brief, *John M. Bailey,* state's attorney, for the appellant (state).

*Albert G. Murphy,* for the appellee (defendant).

PER CURIAM. This case comes before the court following our remand for articulation of the trial court's findings. See *State* v. *Lafferty,* 189 Conn. 360, 456 A.2d 272 (1983). The defendant was acquitted, on the grounds of insanity, of embezzling approximately $309,000 from his employer.[1] At a subsequent hearing

[1] General Statutes § 53a-13 then provided, in relevant part: "In any prosecution for an offense, it shall be a defense that the defendant, at the time of the proscribed conduct, as a result of mental disease or defect lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. . . ." This section has since been substantially revised. See Public Acts 1981, No. 81-301, § 1; Public Acts 1983, No. 83-486, § 1.

required by General Statutes § 53a-47 (a)[2] the trial court heard the testimony of Hans Langhammer, a staff psychiatrist at Norwich State Hospital, and Marvin Steinberg, a psychologist. At the conclusion of the hearing the trial court in an oral decision found that the defendant did not constitute a danger to himself or others and ordered his release.

With permission, the state appealed to this court claiming that the court erred by releasing the defendant because it concluded that the phrase "a danger to himself or others" in § 53a-47 (a) meant only a physical danger, and not a danger to property. The state argues that the trial court found the defendant to be a danger to property and that such a danger is included within

---

[2] "[General Statutes] Sec. 53a-47. ACQUITTAL ON GROUNDS OF MENTAL DISEASE OR DEFECT. CONFINEMENT AND EXAMINATION. RELEASE. (a) . . . (1) When any person charged with an offense is acquitted on the grounds of mental disease or defect, the court shall order such person to be temporarily confined in any of the state hospitals for mental illness for a reasonable time, not to exceed ninety days, for an examination to determine his mental condition, except that, if the court can determine, on the basis of the evidence already before it, that such person is not mentally ill to the extent that his release would constitute a danger to himself or others, the court may order his immediate release, either unconditionally or conditionally pursuant to subdivision (2) of subsection (c). (2) The person to be examined shall be informed that, in addition to the examination provided for in subdivision (1), he has a right to be examined during such confinement by a psychiatrist of his own choice. (3) Within sixty days of the confinement pursuant to subdivision (1), the superintendent of such hospital and the retained psychiatrist, if any, shall file reports with the court setting forth their findings and conclusions as to whether such person is mentally ill to the extent that his release would constitute a danger to himself or others. Copies of such reports shall be delivered to the state's attorney or prosecutor and to counsel for such person. (4) Upon receipt of such reports, the court shall promptly schedule a hearing. If the court determines that the preponderance of the evidence at the hearing establishes that such person is mentally ill to the extent that his release would constitute a danger to himself or others, the court shall confine such person in a suitable hospital or other treatment facility. . . ." This section has since been substantially revised. See Public Acts 1981, No. 81-301, § 2; Public Acts 1983, No. 83-486, § 2.

the meaning of "a danger to himself and others" in the statute. The defendant contends that the court found only that the defendant was "possibly" a danger to property. In its oral decision, the trial court stated: "[A]s this court understands the testimony, I believe Dr. Langhammer was very precise in this, he indicated that there was no danger as far as physical harm was concerned. There was a danger as far as property was concerned *possibly* by the defendant's action in this matter." (Emphasis added.)

In our remand we stated: "It is unclear whether the trial court was merely recapitulating the psychiatrist's testimony or whether it was making a finding of fact. . . . Whether the defendant was a danger to property is a question of fact which must be determined before we may properly review the claims made in this appeal. It is the function of the trial court, not this court, to find facts. It is therefore necessary for us to remand this case for a further articulation of the trial court's decision on whether the defendant was a danger to property." *State* v. *Lafferty,* supra, 363. We directed the trial court to "file a memorandum of decision articulating the basis upon which it found the defendant not to be a danger to himself or others." Id.

On March 22, 1983, the trial court filed its articulated memorandum of decision. The court stated that, on the basis of expert testimony, the defendant's "release would not constitute a danger to himself or others in a physical sense." The court then construed § 53a-47 (a) (1) and (4) as meaning that "the standard for confinement established in § 53a-47 (a) (1) [and] (4) does not encompass damage to property." Finally the court stated that "[e]ven assuming danger to property does come within the purview of this statute," the only such danger cognizable would be "substantial destruction of property."

"In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. . . . The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein." *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972). These principles apply to criminal as well as to civil proceedings. *State* v. *Avcollie,* 188 Conn. 626, 643, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S. Ct. 2088, 77 L. Ed. 2d 299 (1983).

The trial court articulated its basis for decision by explaining its construction of the law. The trial court's articulation, however, does not answer the question of whether as a matter of fact the defendant posed a danger to property.

Our order to the trial court on remand was to resolve the *factual* question of whether the defendant posed a danger to property. Because of this unresolved question of fact, which can be resolved only by the trier of fact, this court is as yet unable to reach the questions of law raised on appeal.

Because the trial court has again failed to make the requisite finding of fact of whether the defendant poses a danger to property,[3] we again remand this case for clarification and articulation. Practice Book § 3060D. In the supervision and control of the proceedings on appeal this court may, on its own motion, "order a judge to take any action necessary to complete the record for the proper presentation of the appeal." Practice Book § 3096.

---

[3] This question does not turn on whether the defendant poses a "substantial" danger to property as the trial court's articulation appears to assume. Nothing in the statute requires the danger to be "substantial."

The case is remanded to the trial court with direction to file a memorandum answering the following questions and articulating the factual basis for its answers: (1) Does the defendant, as a result of a mental disease or defect, pose a danger to the property of others? (2) Is the defendant likely as a result of a mental disease or defect to commit crimes against property as defined in General Statutes chapter 941 or chapter 952?