RAM ROOFING AND SHEET METAL COMPANY, INC. *v.* A.B.C. PLUMBING AND HEATING, INC.
(2407)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued April 3—decision released May 29, 1984

*Arthur M. Lewis,* with whom, on the brief, was *Gregory A. Sharp,* for the appellant (defendant).

*Francis C. Vignati,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals[1] from the trial court's decision denying its motion to open the judgment. On appeal the defendant assigns as error (1) the trial court's failure to credit it for a payment made to the plaintiff in the amount of $20,000; and (2) the trial court's failure to articulate the factual basis of either its decision or of its denial of the motion to open the judgment.

The defendant is a plumbing and heating contractor and the plaintiff was a subcontractor who primarily installed heating and cooling systems in buildings. The plaintiff, in this action, sought money damages for services rendered by it in accordance with several contracts between the parties. The defendant's amended answer denied the material allegations of the complaint and, by way of counterclaim, alleged that the defendant had overpaid the plaintiff and was entitled to reimbursement. After a trial to the court, the trial judge found the issues for the plaintiff on the complaint and on the counterclaim and rendered judgment for the plaintiff for $15,421.08, together with costs.

The only contract in dispute was for work performed by the plaintiff at the Plainfield Dog Track. After certain revisions agreed upon by the parties, the contract price for performance of the plaintiff's services on that contract was $113,700. The relevant factual issue before

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

the trial court concerned how many checks in the amount of $20,000, the plaintiff had received from the defendant as payment in February, 1976.

It is the defendant's position that the trial court erroneously failed to credit one of two $20,000 checks. In essence, the defendant is requesting a retrial of the facts. On appeal, however, the function of this court is limited solely to the determination of whether the decision of the trial court is clearly erroneous. Practice Book § 3060D. " ' "This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." ' *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Frumento* v. *Mezzanotte,* 192 Conn. 606, 617–18, 473 A.2d 1193 (1984); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280, 471 A.2d 651 (1984); see also *Zolan, Bernstein, Dworken & Klein* v. *Milone,* 1 Conn. App. 43, 467 A.2d 938 (1983).

Although the facts were in dispute, there was a plethora of evidence which, if credited, support the trial court's conclusion. The plaintiff presented testimony by its president, its bookkeeper, and its accountant that it received a check in the amount of $20,000 from Davis Associates made payable jointly to the plaintiff and the defendant. It endorsed that check and then turned it over to the defendant in exchange for the defendant's issuing a check payable to the plaintiff in the same amount of $20,000. The plaintiff also provided the court with its complete books of record, including the defend-

ant's cancelled check for $20,000. The defendant's records were incomplete because, as it explained to the court, it had lost all of the records pertaining to this period of time except for a few cancelled checks. It is a fundamental principle that the trial court is in the best position to determine the facts in a given case, to assess the credibility of witnesses and to weigh their testimony. *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982); cf. *Robben* v. *Hartford Electric Light Co.,* 1 Conn. App. 109, 114, 468 A.2d 1266 (1983). We hold that there was ample evidence presented to support the trial court's conclusion that one check for $20,000 was paid to the plaintiff in February, 1976. The court's conclusion was not clearly erroneous.

The defendant next claims that the court's memorandum of decision and its decision denying the motion to open judgment failed to state the factual basis for its decisions. The defendant had the option to file a motion for further articulation of the court's decisions as provided for in Practice Book § 3082. See, e.g., *Foster* v. *Waterford,* 186 Conn. 692, 694 n.4, 443 A.2d 490 (1982). In addition, if the defendant's claim were with merit, this court could resort to the remedy provided by Practice Book § 3060D and remand the case for further findings.[2] See *State* v. *Lafferty,* 191 Conn. 73, 76, 463 A.2d 238 (1983); *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983); cf. *Urban* v. *Leggio,* 1 Conn. App. 226, 228, 470 A.2d 1226 (1984). After closely examining the trial court's memorandum of decision and its oral decision denying the motion to open judgment, we find each completely adequate to enable us to render a proper disposition of this case.

There is no error.

---

[2] If the trial court fails to articulate sufficiently the factual basis for its decision, then this court under Practice Book § 3060D may remand the case for a further articulation of the basis of the trial court's decision. *Rompe* v. *King,* 185 Conn. 426, 433 n.2, 441 A.2d 114 (1981).