## HOUSING AUTHORITY OF THE CITY OF HARTFORD
## *v.* CHARTER OAK TERRACE/RICE HEIGHTS
## HEALTH CENTER, INC.
### (AC 23589)

West, DiPentima and Mihalakos, Js.

Argued October 21, 2003—officially released March 16, 2004

*Rodger C. Boe*, for the appellant (defendant).

*Rudolph P. Arnold*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, Charter Oak Terrace/ Rice Heights Health Center, Inc. (Charter Oak), appeals from the judgment in a condemnation proceeding involving the taking of a leasehold improvement. Specifically, the defendant claims that the trial court (1) misapplied the rule for calculating leasehold value by deducting from the fair market value of the remaining term of the condemned lease a "rental equivalent payment" that it had paid and (2) improperly calculated the present value of the remaining term of the lease.[1] We agree with the defendant on the first claim, but must remand the matter for further articulation as to the second claim.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. In 1984, the defendant entered into a long-term lease with the plaintiff, the housing authority of the city of Hartford, for the construction of a health center to be operated by the defendant.

Pursuant to the written agreement between the parties, the defendant contributed $210,750, and the plain-

---

[1] In response, the plaintiff, the housing authority of the city of Hartford, claims that the court improperly failed to determine just compensation based on the defendant's proof of loss and principles of equity. To the extent that the plaintiff raises issues that attack the judgment, we decline to address the issues because the plaintiff failed to file a cross appeal. See Practice Book § 61-8; *Board of Police Commissioners* v. *White*, 171 Conn. 553, 557, 370 A.2d 1070 (1976); and *Wesleyan University* v. *Rissil Construction Associates, Inc.*, 1 Conn. App. 351, 355, 472 A.2d 23, cert. denied, 193 Conn. 802, 474 A.2d 1259 (1984).

tiff contributed $215,750. After completion of the building, the defendant moved in, subject to a fifteen year lease with an option to renew for an additional fifteen years, for a total term of thirty years. Under the terms of the lease, the defendant had no obligation to pay rent.

In April, 2000, the plaintiff's board of commissioners approved the acquisition by eminent domain of the defendant's leasehold interest in the premises.[2] Thereafter, the plaintiff filed a statement of compensation and a deposit in the amount of $250,000 with the clerk of the Superior Court for the taking of the leasehold. Subsequently, the defendant filed an appeal and application for review of the plaintiff's statement of compensation.

After trial, the court rendered judgment in favor of the defendant. The amount of the judgment was $319,525, less the $250,000 deposit previously paid, leaving an excess amount of $69,525 with interest, costs and an appraisal fee. The court denied the defendant's motion to correct the judgment. This appeal followed. Subsequently, the defendant filed a motion for articulation. The court issued its articulation on December 24, 2002. Thereafter, the defendant filed a motion for review. This court granted review, but denied the relief requested.

I

The defendant first claims that the court improperly applied the rule for calculating leasehold value. Specifically, the defendant argues that the court improperly concluded that its nonamortized contribution to the

[2] General Statutes § 8-50 provides in relevant part: "An authority shall have the right to acquire by the exercise of the power of eminent domain any real property which it deems necessary for its purposes under this chapter after the adoption by it of a resolution declaring that the acquisition of such real property described therein is necessary for such purposes. . . ."

construction cost in the amount of $210,750 for thirty years, or $7025 per year for 14.25 years, amounting to $100,106, constituted a rental equivalent payment for the term of the lease. We agree.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . . That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go." (Citation omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The rule for establishing the present value of a leasehold is well settled. "The value of the lease is properly arrived at, in the case of a complete taking, by subtracting the rent provided for under the lease from the fair market value of the lease." *Canterbury Realty Co.* v. *Ives*, 153 Conn. 377, 382, 216 A.2d 426 (1966).

The defendant argues that the court improperly concluded that its construction contribution was a rental equivalent payment because, under the terms of the lease, no rent was ever due, and the initial contributions were for the construction of a building only.

The terms of the lease agreement were explicit with regard to the payment of rent. The lease specifically stated that "[t]he [defendant's] occupancy under this lease shall be *without payment of rent* to the [plaintiff]." (Emphasis added.) Moreover, in its memorandum of decision, the court stated that the defendant's occupancy was to be without payment of rent. The court then found the nonpayment of rent to be a consequence of the defendant's "nonrefundable contribution of approximately one-half of the cost of construction of

the building to be rented . . . ." The court also found that the defendant had made the construction contribution in lieu of rental payments for the full term of the lease.

The court calculated the rental equivalent payment by dividing the defendant's nonamortized construction contribution of $210,750 by the thirty year term of the lease and then multiplying that figure, $7025, by 14.25 years, the remaining term of the lease, to reach a rental equivalent payment of $100,106. The court subtracted the $100,106 from $401,131, its determination of fair market value, to come to the conclusion that the value of the defendant's leasehold, as of the date of the taking, was $301,025.

After a review of the record, we were unable to find any evidence supporting the conclusion that the construction contribution was intended to be in lieu of monthly rental payments. Furthermore, there was no evidence to support the proposition that the lease's nonpayment provision was a consequence of the defendant's nonrefundable contribution of approximately one-half of the construction cost.

As to the initial construction contributions, the lease agreement specifically stated that they were to be used only for the construction of the building. In its memorandum of decision, the court stated that the initial contributions were to be used for the construction of a one story addition. A review of the record disclosed no evidence indicating that any party considered the initial construction contributions rental equivalent payments. To the contrary, there was testimony that the grant was approved for capital construction and that it was a "bricks and mortar" grant.

The court's conclusion is not supported by the facts set out in the memorandum of decision. Consequently, we conclude that the court improperly determined that

the initial construction contribution was a rental equivalent payment and, therefore, that the court improperly deducted the contribution from the fair market value of the leasehold.[3]

## II

The defendant next claims that the court improperly calculated the value of the remaining term of the lease as $401,131. Specifically, the defendant argues that after the court adopted the material findings of its appraiser's valuation of the remaining leasehold term, the court improperly reached a conclusion at odds with that valuation. The defendant does not challenge the court's findings of fact, but challenges the court's conclusion, which was based on those subordinate facts. Accordingly, our review is plenary. See *Pandolphe's Auto Parts, Inc.* v. *Manchester*, supra, 181 Conn. 221. We find that further articulation of that issue is warranted and therefore remand the case to the trial court.

After trial, the defendant filed a motion to correct the judgment. The court denied the motion. After the trial court issued an articulation of its findings, the defendant filed a motion for review of the court's articulation. This court granted review, but denied the relief requested.

"It is the duty of the judge who tried the case to set forth the basis of his decision." *Powers* v. *Powers*, 183 Conn. 124, 125, 438 A.2d 845 (1981). This court is free

---

[3] As stated previously, "[t]he value of the lease is properly arrived at, in the case of a complete taking, by subtracting the rent provided for under the lease from the fair market value of the lease." *Canterbury Realty Co.* v. *Ives*, supra, 153 Conn. 382. We note that this formula applies only when the condemnee has not yet paid rent for the time remaining on the lease. Consequently, even if the construction contribution could be considered a rental equivalent payment, the $100,106 should not have been deducted from the value of the defendant's leasehold interest because, in that case, the defendant already would have paid that amount in rent when it made the construction contribution.

to reexamine a decision "sua sponte when plenary review of the case on the merits of the appeal discloses that our earlier decision was ill considered, and that further articulation is necessary for the just determination of the appeal." *State* v. *Holloway*, 22 Conn. App. 265, 276, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990). Where the factual or legal basis of a trial court's decision is unclear, ambiguous, incomplete or the court has failed to state any basis for its decision, this court may remand the case, pursuant to Practice Book § 60-5, for further articulation of the basis of the trial court's decision.[4] See *State* v. *Wilson*, 199 Conn. 417, 434–35, 513 A.2d 620 (1986); *State* v. *Lafferty*, 191 Conn. 73, 75–76, 463 A.2d 238 (1983). We find that such a situation presents itself here.

In determining the fair market value of the remaining leasehold term, the court appears to have adopted the facts, figures and methodology of the defendant's appraiser. The defendant's appraiser valued the leasehold at $435,347 while the court valued the leasehold at $401,131. In reaching its conclusion, the court offered no meaningful explanation of why its value deviated from that of the defendant's appraiser.

When asked to articulate its decision, the court first restated the factual elements underlying the valuation by the defendant's appraiser. Next, the court cleaved the $401,130.50 into two separate figures. The first, $11,405.50, represented the value of the leasehold from November 9, 2000, through February 18, 2001. The second figure, $389,725, represented the value of the leasehold from February 19, 2001, through February 18, 2014. The difficulty with that analysis is that the $401,130.50 is the disputed figure, and simply breaking down the

---

[4] Practice Book § 60-5 provides in relevant part: "If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision. . . ."

disputed figure into two arbitrary figures provides this court with no additional insight as to how the trial court concluded originally that the present value of the leasehold was $401,130.50. Because there is no discussion of how the court calculated either of those two figures, it remains unclear to this court how the trial court reached its ultimate valuation of the leasehold. As we have indicated, the appellate record concerning the matter is such that that issue is not amenable to meaningful appellate review.

The case is remanded with direction to articulate the basis of the court's valuation of the leasehold. We retain jurisdiction over this appeal.

In this opinion the other judges concurred.