HOUSING AUTHORITY OF THE CITY OF HARTFORD
*v.* CHARTER OAK TERRACE/RICE HEIGHTS
HEALTH CENTER, INC.
(AC 23589)

West, DiPentima and Mihalakos, Js.

Argued October 21, 2003—Officially released September 28, 2004

*Rodger C. Boe*, for the appellant (defendant).

*Rudolph P. Arnold*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This case was argued on October 21, 2003, and an opinion was published setting forth the relevant facts and the majority of the procedural history. See *Housing Authority* v. *Charter Oak Terrace/*

*Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 842 A.2d 601 (2004). In that opinion, we agreed with the defendant on its first claim as to the improper deduction of the construction contribution from the fair market value of the leasehold, and on the second claim, we remanded the case for an articulation of the court's basis for its valuation of the leasehold. We retained jurisdiction over the appeal.

The court filed its articulation and rectification of judgment on April 30, 2004. In its articulation, the court determined that the value of the unexpired leasehold for fourteen years was $440,047, rounded to $440,000. The court's articulated value disposed of the defendant's second claim on appeal. In accordance with our decision on the first claim, the court then rendered judgment for the defendant "in the amount of $440,000, less the $231,500[1] previously paid [by the defendant] for the leasehold interest taken by the [plaintiff], or an excess of $208,500, with interest at the rate of 8 percent per annum on such excess from the date of the taking on August 14, 2000, to the date of the payment, together with costs and a reasonable appraisal fee of $2550."

On May 18, 2004, the plaintiff filed a motion to correct the articulation and rectification. On May 28, 2004, the court denied the motion to correct. The plaintiff filed neither a motion for review nor an appeal from that judgment. Because the court took into account our prior determination as to the first claim in its judgment on the motion for articulation-rectification, no further remand is necessary.

The judgment as stated in the trial court's articulation filed on April 30, 2004, is affirmed.

---

[1] It is clear from the record in this case that the moving expenses of $18,500 account for the difference between the $250,000 deposit and the $231,500 and were not at issue in this appeal.