STATE OF CONNECTICUT *v.* ANGELOPE BENNETT
(AC 26789)

Gruendel, Harper and Berdon, Js.

Argued January 10—officially released March 29, 2007*

*Heather A. Abel,* assistant public defender, for the appellant (defendant).

*Christopher T. Godialis,* senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Nicholas J. Bove, Jr.,* senior assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Angelope Bennett, appeals from the judgments of the trial court revoking his probation and committing him to the custody of the commissioner of correction for three years. The defendant claims that the court improperly denied his motion to suppress certain evidence presented at the violation of probation hearing and that the evidence did not support the court's factual findings. We hold that the evidence did not support the court's findings and reverse the judgment of the trial court.[1]

---

* March 29, 2007, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] In light of our holding, we do not address the defendant's claim that the court improperly denied his motion to suppress evidence.

In 2000, the defendant was convicted, under separate informations, of larceny in the second degree and burglary in the third degree. The trial court sentenced the defendant to a total effective term of incarceration of ten years, execution suspended after two years, and five years probation. One of the terms of the defendant's probation was the standard prohibition against violating any criminal law of the state. On May 25, 2004, during his probationary period, the defendant was arrested and charged with possessing a weapon in a motor vehicle in violation of General Statutes § 29-38, possessing burglar's tools in violation of General Statutes § 53a-106 and possessing drug paraphernalia in violation of General Statutes § 21a-267 (a). On the basis of those charges, the state charged the defendant with violating the terms of his probation in violation of General Statutes § 53a-32.

At the violation of probation hearing, the state presented evidence that, in the early morning hours of May 25, 2004, the defendant was operating a motor vehicle in Darien. A police officer with the Darien police department, on patrol, stopped the defendant's vehicle after observing that one of the vehicle's headlamps was not illuminated. While conversing with the defendant, the officer observed a wooden baseball bat and a crowbar inside the vehicle. The officer arrested the defendant for possessing a weapon in a motor vehicle. A search of the defendant by the officer yielded a small device of a type commonly used to smoke crack cocaine, and burnt residue on the device tested positive as cocaine. The defendant had hidden the device in his clothing and asked the officer not to mention its discovery to members of his family. A later search of the defendant's vehicle yielded a small digital scale, an empty purse, two flat head screwdrivers, a Phillips screwdriver, an adjustable wrench, a glove and a small canvas bag with holes cut into it.

At the end of the adjudicative phase of the violation of probation hearing, the court orally delivered its ruling. The court found that, on the basis of the officer's discovery of the bat and crowbar, the defendant possessed dangerous weapons in his motor vehicle on May 25, 2004. The court then stated: "Therefore, the court will find the evidence is sufficient and allow it to find by a preponderance of the evidence that the defendant was engaged in criminal activity at the time of his stop. And the court will find that he's in violation of probation as to the condition of probation that he . . . not engage in any criminal activity." At the end of the dispositional phase of the hearing, the court determined that the beneficial purposes of probation were no longer being served, revoked the defendant's probation and committed him to the custody of the commissioner of correction for three years. This appeal followed.

The defendant claims that the evidence did not support a finding that he possessed burglar's tools or a weapon in a motor vehicle. In its brief, the state concedes that the evidence did not support such findings.[2] We agree that the evidence was not sufficient to sustain a finding of violation of probation on these grounds.

The defendant argues that the judgments cannot be sustained on the alternate factual ground on which the court might have based its decision, which is that he possessed drug paraphernalia, because the court did not make any findings in this regard. The state acknowledges that the court did not make any findings with regard to drug paraphernalia but argues that "[t]he trial court's lack of comment on the state's uncontroverted proof that the defendant had committed the crime of

---

[2] We commend the state for its forthrightness with regard to this issue. Its concession, correct in law, served the ends of justice and obviated the need for this court to address at length these sufficiency of the evidence claims.

possession of drug paraphernalia, and also had possessed illegal drugs while on probation, certainly does not mean that there was insufficient evidence of the same."

The defendant was entitled to have issues of fact resolved by the trial court. The court was required to state its decision, either orally or in writing, and its decision was to "encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ." Practice Book § 6-1. The issue before the court was whether the defendant had violated the criminal laws as alleged by the state and, thus, had violated his probation in violation of § 53a-32. The court set forth its legal conclusion that "the defendant was engaged in criminal conduct at the time of his stop" in violation of his probation. The court set forth the necessary factual basis for this conclusion, stating that the defendant possessed weapons, in the form of a bat and a crowbar, in his motor vehicle. The court did not make any express or implied findings concerning the defendant's possession of drug paraphernalia or drugs.

Despite the fact that the state alleged and presented what it characterizes as compelling evidence that the defendant possessed drug paraphernalia, it cannot be disputed that the court did not rely on this evidence when it set forth the factual basis for its judgments. This court cannot try the factual issues related to possession of drug paraphernalia, and for this court to determine that such factual issues were resolved in favor of the state by the trial court would be entirely speculative. See *State* v. *Hunter*, 99 Conn. App. 736, 744, 916 A.2d 63 (2007) ("[i]t is not the province of this court to speculate as to the factual and legal determinations made by the trial court"). Thus, we cannot sustain the judgments on the basis of factual grounds that were not addressed by the trial court. We reject the state's assertion to the contrary.

The state argues that the defendant "has failed in his burden to provide this court with an adequate record for review" in that he did not seek an articulation of the court's decision to determine whether the court found that he possessed drug paraphernalia. It is well settled that an appellant must take the steps necessary to provide this court with an adequate record for review of the claims he has raised on appeal. See *State* v. *Canales*, 281 Conn. 572, 583, 916 A.2d 767 (2007). "The proper procedure by which an appellant may ask the trial court to provide the factual and legal basis for a ruling, or to address a matter that it has overlooked in its decision, is to file a motion for articulation. See Practice Book § 66-5. A motion seeking articulation is appropriate in cases in which the trial court has failed to state the basis of a decision . . . [or] to clarify the legal basis of a ruling . . . [and it is the proper procedural vehicle] to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, 86 Conn. App. 147, 159, 860 A.2d 764 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1080 (2005).

As our earlier discussion reflects, we are satisfied that the defendant presented this court with an adequate record for review of the claim he raised on appeal. The defendant claims that the evidence did not support the specific findings made by the court and, thus, that the judgments should be reversed. To prevail on appeal, it was not necessary for the defendant to challenge findings that the court did not make and on which it did not base its judgments. The court did not overlook any of the matters before it; it plainly determined that the defendant had violated the terms of his probation and set forth the factual and legal basis for that conclusion. To the extent that the state implicitly suggests otherwise, we observe that the court's decision was not incomplete because it did not express findings concerning *all of the evidence presented* or *all of the alternate*

*factual grounds on which the state based its case.* It was the province of the court, as the finder of fact, to assess the evidence and to determine which factual grounds supported its decision. It plainly stated such grounds in its ruling.

Additionally, the state argues that, if any findings related to possession of drug paraphernalia are necessary to "the proper disposition" of this case, we may remand the matter to the trial court for an articulation related thereto. "Where the factual or legal basis of a trial court's decision is unclear, ambiguous, or incomplete or the court has failed to state any basis for its decision, this court may remand the case, pursuant to Practice Book § 60-5, for further articulation of the basis of the trial court's decision." *Housing Authority* v. *Charter Oak Terrace/Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 24, 842 A.2d 601 (2004). We will not take such steps here because, as explained previously, the factual and legal basis of the court's decision is not unclear, ambiguous or incomplete. The court provided the factual and legal basis of its decision. The state concedes that the factual basis set forth by the court was not supported by the evidence. The state was afforded a full and fair opportunity to present evidence and to persuade the court that one or more factual grounds existed to support its case. The fact that the court chose to rely on some, but not all, of the factual grounds presented by the state reflects an exercise of the court's discretion, as fact finder, to fashion its ruling adequately in a manner of its choosing. It does not reflect that the record is in any manner incomplete.

The evidence does not support the findings on which the court based its decision. Accordingly, we must reverse the judgments of the trial court.[3]

---

[3] In its brief, the state claimed that this appeal was moot. The state withdrew this claim prior to the time of argument before this court, and we therefore do not address that claim.

The judgments are reversed and the case is remanded with direction to render judgments for the defendant.

In this opinion the other judges concurred.