# MICHAEL E. CONNOLE ET AL. *v.* MICHELE BABIJ
## (AC 33128)

DiPentima, C. J., and Beach and Peters, Js.

Argued November 27, 2012—officially released January 29, 2013

*Ralph C. Crozier*, for the appellants (plaintiffs).

*Michele Babij*, pro se, the appellee (defendant).

*Opinion*

PER CURIAM. In this action concerning a right-of-way, the plaintiffs, Michael E. Connole, Nancy Connole and James Maguire,[1] appeal from the judgment of the trial court rendered in favor of the defendant, Michele Babij. The principal issue in this appeal is whether the court erred in determining that the plaintiffs had a license to use a right-of-way, subject to an annual fee, after first determining that the plaintiffs had easements allowing passage over the right-of-way. We reverse, in part, the judgment of the trial court.

The following facts, as found by the trial court, are relevant in this appeal. In 2009, the plaintiffs commenced an action against the defendant alleging that the defendant had obstructed and interfered with a certain right-of-way shared in common with the plaintiffs and others over Highland Lake Road,[2] which right-of-way abuts the plaintiffs' respective properties. The plaintiffs sought damages and injunctive relief. The defendant filed an "answer, special defenses and cross complaint" alleging that the plaintiffs caused damage

---

[1] After the complaint was brought, the defendant filed a motion to include Carmen Bazzano as an additional party plaintiff, which motion the court granted. Bazzano is not a party to this appeal.

[2] Evidence at trial revealed that Highland Lake Road has been referred to by various names including Von's Way, Clorinator Road, Moreland Road and Morgan Road.

to the right-of-way by driving over it and cutting down trees.

In its memorandum of decision, the court determined that the defendant was the record owner of the right-of-way because of a deeded interest. The court found that certain language in the defendant's deed gave abutting landowners, such as the plaintiffs, "limited passage rights"[3] over the right-of-way. The court also found that the plaintiffs had prescriptive easements over the right-of-way. The court ordered that the plaintiffs pay to the defendant and to her heirs, successors and assigns an annual amount of $100 for the privilege of passing over and across the right-of-way by pedal bicycle and/or by foot. The court stated that the failure to pay the annual fee to the defendant would cause the plaintiffs to forfeit any right to pass, use or repass over the right-of-way. The court ordered the plaintiffs to refrain from interfering with the use, enjoyment or condition of the right-of-way and enjoined them from removing or cutting any trees, plantings and/or shrubbery from the right-of-way. In a supplemental judgment, the court ruled that the plaintiffs may also pass over at least a portion of the right-of-way by motorized vehicle. This appeal by the plaintiffs followed. There was no cross appeal.

The principal issue in this appeal is whether the court erred in transforming the plaintiffs' easements[4] into a license, subject to an annual fee.[5] In reaching this issue,

---

[3] The deeds that are exhibits in this case contain no express limitation to the abutting landowner's passage rights.

[4] No party sufficiently contested on appeal either the physical dimensions of the easements or the permitted uses.

[5] We decline to address the defendant's claim that the court erred in finding that the plaintiffs have prescriptive easements over the right-of-way. This claim is not properly before us because the defendant failed to file a cross appeal in accordance with Practice Book § 61-8. "If an appellee wishes to change the judgment in any way, the party must file a cross appeal." (Internal quotation marks omitted.) *Mitchell* v. *Silverstein*, 67 Conn. App. 58, 60 n.5, 787 A.2d 20 (2001), cert. denied, 259 Conn. 931, 793 A.2d 1085 (2002).

we first address the issues raised by the plaintiffs regarding their easements and the ownership of the right-of-way. The plaintiffs contend that the court improperly failed to conclude that they had easements by deed over the right-of-way and instead determined that they had prescriptive easements. Contrary to the plaintiffs' assertion, the court did find, albeit implicitly, that the plaintiffs had deeded rights of passage over the right-of-way. Our review of the parties' respective chains of title confirms that the plaintiffs had deeded interests in the right-of-way. The court's finding of the prescriptive easements, while not necessarily inconsistent with its finding of the deeded easements, nonetheless is extraneous and has no bearing on our resolution of this appeal.

The plaintiffs further assert that the court erred in concluding that the defendant owned the fee to the right-of-way by virtue of a deeded interest. The deeds admitted into evidence do not establish that the defendant held marketable record title to the right-of-way.[6] See General Statutes § 47-33b et seq. The plaintiffs, then, have deeded easements over the right-of-way and the evidence in this case did not establish that the defendant owned the fee to the right-of-way. The trial court found, as a factual matter, that the defendant had not proved a claim of adverse possession, which claim, if proved, was intended to trump the plaintiffs' easements. We do not conclude that the trial court's finding of fact with respect to adverse possession was clearly erroneous.

We turn to the issue of license. The court found no facts supporting the existence of a license. Rather, it found that the plaintiffs had easements over the right-of-way. It is incorrect, as a matter of law, for the court

---

[6] We express no opinion as to whether the defendant, in fact, has title in fee to the right-of-way. We hold only that the evidence submitted is insufficient to establish marketable record title; the defendant's chain of title, as submitted into evidence, begins with a quitclaim deed of less than forty years' vintage.

to have determined, after finding the existence of easements, that passage by the plaintiffs onto the right-of-way was a privilege subject to an annual fee and possible forfeiture. An easement is not a privilege, but rather is a property interest giving the owner the right to use the land of another for a special purpose. *McManus* v. *Roggi*, 78 Conn. App. 288, 293 n.6, 826 A.2d 1275 (2003). An easement is distinct from a license in that a license gives a mere privilege, does not create any interest in the subject property and does not run with the land. See *Clean Corp.* v. *Foston*, 33 Conn. App. 197, 203, 634 A.2d 1200 (1993). Additionally, the finding of a license is inconsistent with the evidence, which does not establish that the defendant owned the fee to the right-of-way. The court abused whatever equitable discretion it had[7] in ignoring its finding of easements and creating a license without factual support. See, e.g., *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981) ("[t]he determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court").

In light of the foregoing, we reverse that part of the court's judgment that requires the plaintiffs to pay to the defendant $100 per year for the privilege of passing over the right-of-way, and that subjects the privilege to forfeiture in the event that the annual fee is not paid. We also reverse that part of the court's judgment finding that the defendant owned the fee to the right-of-way based on her deeded interest. We direct the trial court to vacate these parts of its judgment.

The judgment is reversed in part in accordance with the preceding paragraph, and affirmed in all other respects.

---

[7] As noted by the trial court, the complaint and cross complaint both request "any other equitable relief" the court may find.