******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF EAST WINDSOR *v.* EAST WINDSOR
HOUSING, LTD, LLC., ET AL.
(AC 35287)

DiPentima, C. J., and Gruendel and Norcott, Js.

*Argued January 8—officially released May 20, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Wahla, J.)

*John D. Watts*, for the appellant (plaintiff).

*Ronald D. Peikes*, with whom, on the brief, was *James
Ringold*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, the town of East Windsor, appeals from the order of the trial court denying in large part its request for attorney's fees in conjunction with seven foreclosure actions. On appeal, the plaintiff claims that the attorney's fees awarded by the court were unreasonable as a matter of law and fact. We conclude that the amount of attorney's fees awarded by the court to the plaintiff did not constitute an abuse of discretion. Accordingly, we affirm the judgment of the trial court.[1]

The following facts and procedural history are necessary for our resolution of this appeal. The defendant East Windsor Housing, Ltd., LLC,[2] owned nine properties located in the town of East Windsor. For several years, the defendant had not paid the property taxes due to the plaintiff on these properties. On July 2, 2012, the plaintiff commenced nine separate foreclosure actions against the defendant, alleging that property taxes had not been paid for 2008, 2009, 2010, 2011 and 2012 with respect to the nine properties. These properties, known as 6 Acorn Drive, 8 Acorn Drive, 10 Acorn Drive, 12 Acorn Drive, 14 Acorn Drive, 1 Field Circle, 5 Field Circle, 9 Field Circle, and 12 Field Circle, were part of the same subdivision. In mid-July, after 6 Acorn Drive and 14 Acorn Drive were sold, the defendant paid $8838.12 for the outstanding taxes, fees and costs on the sold properties, and the actions with respect to those two properties terminated.[3] At the end of July, the defendant sent the tax collector for the plaintiff $14,425.32 as payment for the taxes on the remaining seven properties, and this payment was accepted. With respect to the remaining seven foreclosure actions, the defendant filed an answer and raised the special defense of payment; specifically, it alleged that the taxes had been paid in full and that it had paid more than reasonable attorney's fees, costs and assessments.[4]

On August 21, 2012, the defendant moved for summary judgment in each of the seven cases. In its memorandum of law in support of its motion, the defendant had averred that, after being served with the original nine complaints, it had communicated with the plaintiff's attorney and requested a payoff amount for all of the properties. The defendant had received the following payoff amount from the plaintiff's counsel: nine outstanding tax bills of $2060.76, nine attorney's fees of $1891.75, nine marshal service fees of $188.50, and nine title search fees of $225. Thus, the total tax due for the nine properties was $18,546.84 and the fees totaled $20,747.25.[5] The plaintiff offered a $200 discount per file to the defendant, but that offer was not accepted. The defendant argued that it was entitled to summary judgment because all taxes on the properties had been paid through December 31, 2012, and that the amounts previously paid for attorney's fees, title search

fees and marshal's fees constituted more than reasonable fees.

On September 28, 2012, the plaintiff filed an objection to the motion for summary judgment. It argued that a genuine issue of material fact existed with respect to the amount of the debt owed by the defendant. It also claimed that pursuant to General Statutes § 12-166, all of the fees, costs and expenses incurred by the plaintiff in collecting the debt were now part of the taxes owed by the defendant, and thus the defendant had not made payment in full.

On October 5, 2012, the court denied the motion without prejudice, and ordered a hearing for October 22, 2012, for the purpose of considering the motion for summary judgment and the objection to said motion. The court also consolidated the seven separate actions for the purpose of that hearing. On December 12, 2012, the court issued the following order: "After review of the record and having heard the arguments of the parties, the court finds that the attorney's fee[s], previously paid by the defendant, are adequate [and] reasonable under the circumstances. Costs are awarded for the title searches, marshal fees and court entry fees only claimed in each case, minus any payment already made by the defendant for such costs." The practical effect of this order was to conclude the proceedings before the trial court, as no judgment of foreclosure was necessary and the court conclusively determined the amount of fees and costs to be paid by the defendant. This appeal followed.

I

The plaintiff first claims that the court improperly awarded it no attorney's fees with respect to the remaining seven properties for which it had commenced foreclosure actions. Specifically, the plaintiff argues that an award of no attorney's fees was improper in light of General Statutes §§ 12-166, 12-193 and 52-249. We conclude that the plaintiff has misinterpreted the action of the trial court. Our review of the record indicates that the court determined that the $3783.50 paid in attorney's fees by the defendant represented a reasonable amount for all of the legal work done with respect to the nine properties.

"As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making . . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Hogan* v. *Lagosz*, 147 Conn. App. 418, 427–28,

84 A.3d 434 (2013); see also *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 91–92, 952 A.2d 1 (2008). Our review is plenary. *Young* v. *Young*, 137 Conn. App. 635, 647, 49 A.3d 308 (2012).

In the present case, the court consolidated the remaining seven foreclosure actions, and on December 12, 2012, issued an order stating that the attorney's fees that previously had been paid by the defendant were adequate and reasonable as to all of the defendant's properties. This was a reference to the $3783.50 that the defendant had paid in attorney's fees when the two properties were sold. Thus, it is clear that the court awarded attorney's fees to the plaintiff; it specifically found $3783.50 to be adequate and reasonable for the nine foreclosure actions. The plaintiff's argument that it received *no* attorney's fees with respect to the seven foreclosure actions, including its hyperbole that the court's award for those properties was "zero, nada, zilch," misinterprets the action of the trial court. This claim, therefore, has no merit.

II

The plaintiff next claims that the court abused its discretion as to the amount of the attorney's fees that it had awarded. Specifically, the plaintiff claims that the award of $3783.50 in attorney's fees was inadequate and unreasonable for the legal work done with respect to the nine properties. We conclude that the court did not abuse its discretion in determining the amount of attorney's fees owed to the plaintiff.

"Connecticut adheres to the American rule regarding attorney's fees under which successful parties are not entitled to recover attorney's fees in the absence of statutory or contractual authority to the contrary. . . . Thus, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a *statute* may confer such rights." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Clem Martone Construction, LLC* v. *DePino*, 145 Conn. App. 316, 326–27, 77 A.3d 760, cert. denied, 310 Conn. 947, 80 A.3d 906 (2013); see also *Aaron Manor, Inc.* v. *Irving*, 307 Conn. 608, 616–17, 57 A.3d 342 (2013). Section 12-166 provides that the term "tax" shall mean "each property tax and each installment and part thereof due . . . as such tax may have been increased by interest, penalties, fees and charges, including collection fees of a collection agency *and attorneys' fees, provided such attorneys' fees shall be limited to those ordered by the court in any court action or proceeding brought to recover such tax.*" (Emphasis added.) Additionally, we note that § 12-193 provides that attorney's fees incurred by a municipality as a result of a foreclosure action brought pursuant to General Statutes §§ 12-181 or 12-182 shall be taxed and collected against the person having title to a property subject to the foreclosure action. See also General Statutes § 52-249. Accordingly,

we agree with the plaintiff that a departure from the American rule regarding attorney's fees is authorized by the General Statutes in this case.

The question remains as to whether the attorney's fees awarded by the court were reasonable. We begin by setting forth our standard of review. "We review the reasonableness of the court's award of attorney's fees under the abuse of discretion standard. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of [the amount of attorney's fees awarded] is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion it did. . . . A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal . . . for the trial court is in the best position to evaluate the circumstances of each case." (Citations omitted; internal quotation marks omitted.) *Conservation Commission* v. *Red 11, LLC*, 135 Conn. App. 765, 785, 43 A.3d 244 (2012); see also *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 252, 828 A.2d 64 (2003).

"The factors a court normally applies in determining a reasonable attorney's fee include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. . . . That list of factors is not, however, exclusive. The court may assess the reasonableness of the fees requested using any number of factors . . . ." (Citation omitted; internal quotation marks omitted.) *Krack* v. *Action Motors Corp.*, 87 Conn. App. 687, 695, 867 A.2d 86, cert. denied, 273 Conn. 926, 871 A.2d 1031 (2005); see also *Schoonmaker* v. *Lawrence Brunoli, Inc.*, supra, 265 Conn. 259 (well established that trial court calculating reasonable attorney's fee makes its determination while considering factors set forth under rule 1.5 (a) of Rules of Professional Conduct, which include time and labor spent by attorneys, novelty and complexity of legal issues, fees customarily charged in same locality for similar services, lawyer's experience and ability, relevant time limitations, magnitude of case and results obtained, nature and length of lawyer-client relationship, and whether fee is fixed or contingent).

In the present case, the court denied the defendant's motion for summary judgment without prejudice, consolidated the seven foreclosure actions and scheduled a hearing. It requested that the parties submit affidavits regarding attorney's fees. On October 18, 2012, the plaintiff's attorney filed seven affidavits detailing his request for attorney's fees.[6] In each of the seven cases, the plaintiff sought $3261.80, for total fees of $22,832.60.[7] The court determined that the $3783.50 in attorney's fees that the plaintiff previously had been paid from the sale of the two properties constituted reasonable attorney's fees for those two properties and the remaining seven foreclosure actions.

On appeal, the plaintiff argues that total attorney's fees of $3783.50[8] result in fees of only $402.39 for each of the nine properties subject to tax liens. It further claims that its attorney spent approximately fourteen hours on each of the seven foreclosure actions, which results in an effective billing rate of $28.75 per hour.[9] The plaintiff overlooks the discretion of the trial court to review the hours claimed in the seven affidavits and to disallow time charges. For example, the plaintiff's attorney purported to spend 2.85 hours preparing each writ of summons, complaint and notice of lis pendens. The court was free to conclude that a claim of 19.95 hours to draft seven nearly identical complaints and accompanying documents was excessive and not reasonable. The court also could have considered the substantial overlap in prosecuting these seven cases, and lowered the attorney's fees accordingly. See, e.g., *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 26, 730 A.2d 1128 (1999) ("we do not rule out the possibility that there may be egregious cases of multiple tax lien foreclosure in which . . . the trial court could exercise its equitable discretion to withhold certain fees and costs"). After considering the nearly identical complaints and billing statements, we cannot conclude that the court's award of attorney's fees constituted an abuse of discretion.[10]

The plaintiff also claims that such an interpretation of the court's order would improperly expand the scope of the agreement reached between the parties regarding 6 Acorn Drive and 14 Acorn Drive. The plaintiff further contends that the attorney's fees paid at that time were not intended to be applied to the remaining seven foreclosure actions. We conclude that the trial court was not bound by the agreement reached by the parties in its determination of reasonable attorney's fees. It is the court, and not the parties, that decides the reasonableness of attorney's fees. See General Statutes § 12-166. The court was within its broad discretion to conclude that the $3783.50 paid to the plaintiff for attorney's fees at the time of the sale of the two properties also constituted reasonable attorney's fees for the work done with respect to the remaining seven properties.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In its brief and at oral argument, the defendant East Windsor Housing, Ltd., LLC, requested this court to direct the trial court to remove costs of seven title searches and seven filing fees from the fees awarded to the plaintiff. East Windsor Housing, Ltd., LLC, did not file a cross appeal pursuant to Practice Book § 61-8, and therefore we decline to consider this claim. "If an appellee wishes to change the judgment in any way, the party must file a cross appeal." (Internal quotation marks omitted.) *Connole* v. *Babij*, 140 Conn. App. 494, 496 n.5, 59 A.3d 334 (2013); see also *Housing Authority* v. *Charter Oak Terrace/Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 19 n.1, 842 A.2d 601 (2004).

[2] The other defendants named by the plaintiff in its actions, NewAlliance Bank, also known as First Niagara Bank, N.A., and Enfield Lumber Company, Inc., were defaulted for failing to appear before the trial court and are not involved in this appeal. We therefore refer in this opinion to East Windsor Housing, Ltd., LLC, as the defendant.

[3] That payment was applied as follows for each of the sold properties: $2076.76 for the taxes, $1891.75 for the attorney's fee, $225 for the title search fee, $53 for the lien fee, and $188.50 for the marshal's fee.

[4] The defendant also filed a disclosure of defense that indicated that it had paid the taxes in full.

[5] This payoff amount was made before the defendant paid the taxes, fees and costs on 6 Acorn Drive and 14 Acorn Drive.

[6] In *Smith* v. *Snyder*, 267 Conn. 456, 479–80, 839 A.2d 589 (2004), our Supreme Court instructed that the party claiming attorney's fees has the burden of presenting to the court a statement of the fees requested and a description of the services rendered. It also noted: "Our holding today does not limit the trial court's ability to assess the reasonableness of the fees requested using any number of factors, including its general knowledge of the case, sworn affidavits or other testimony, itemized bills, and the like. As we [previously] recognized . . . [t]he value [of reasonable attorney's fees] is based upon many considerations. . . . Parties must supply the court with a description of the nature and extent of the fees sought, to which the court may apply its knowledge and experience in determining the reasonableness of the fees requested." (Citation omitted; internal quotation marks omitted.) Id., 480.

[7] In six of his time sheets attached to the affidavits in support of attorney's fees, the plaintiff's attorney claimed to have worked a total of 13.88 hours at a rate of $235 per hour. Thus, the amount requested for attorney's fees in each of these six cases was $3261.80. In one action, however, the plaintiff's attorney claimed to have worked 13.58 hours at $235 for a total amount of $3191.30. Despite this minor discrepancy, the plaintiff's attorney requested attorney's fees of $3261.80 in each of the seven foreclosure actions.

[8] In what appears to be a scrivener's error, the plaintiff's appellate brief incorrectly states that the total attorney's fees were $3873.50.

[9] In its appellate brief, the plaintiff contends that "[i]f [$3783.50] was treated as the entire attorney's fee for all nine of the tax lien foreclosures, that would result in a fee of only $402.39 per action." Using the plaintiff's numbers, we calculate a fee of $420.39. It further claims that "[s]uch an amount is presumptively unreasonable given the roughly fourteen hours of work performed by the plaintiff's counsel on each matter as outlined in his affidavit. That would create an effective hourly billable rate of $28.75 . . . ." Using seven cases at fourteen hours per case, we calculate an hourly billable rate of $38.61.

[10] The plaintiff failed to request an articulation of the court's order to expound on its reasoning for its determination of reasonable attorney's fees. "[T]he appellant bears the burden of providing an appellate court with an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of decision . . . [or] to clarify the legal basis of a ruling." (Internal quotation marks omitted.) *CC Cromwell, Ltd. Partnership* v. *Adames*, 124 Conn. App. 191, 194, 3 A.3d 1041 (2010); see also Practice Book § 61-10.